UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
VICTORIA KAMARA, CECILE BELL, JAMILA KAMARA, DOROTHY OJIELO, BARBARA STRAYHORN, and GAIL TORRENCE, individually and on behalf of all others similarly situated,

                          Plaintiffs,

        v.                                   Case No.16-CV-3400 (JPO)

GREATER HARLEM NURSING HOME AND REHABILITATION CENTER, INC., HARLEM CENTER FOR NURSING AND REHABILITATION, LLC and THE ALLURE GROUP, INC.,

                          Defendants.
---------------------------------------------------------------x

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

        Plaintiffs Victoria Kamara, Cecile Bell, Jamila Kamara, Dorothy Ojielo, Barbara Strayhorn and Gail Torrence (collectively "Plaintiffs") and Defendants Greater Harlem Nursing Home and Rehabilitation Center, Inc. ("Greater Harlem"), Harlem Center for Nursing and Rehabilitation, LLC and The Allure Group, Inc. (collectively "Defendants" and together with Plaintiffs, the "Parties") desire to settle and resolve fully all wage-hour claims that have been or could have been brought against Defendants by Plaintiffs, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, the lawsuit captioned *Victoria Kamara et al., individually and on behalf of all others similarly situated v. Greater Harlem Nursing Home and Rehabilitation Center, Inc.*, Case No. 16-cv-3400 (JPO), pending in the United States District Court for the Southern District of New York ("Litigation"). Therefore, in consideration of the foregoing, Plaintiffs and Defendants agree as follows:

        1.     **Consideration.** In consideration for Plaintiffs' timely signing this Negotiated Settlement Agreement & Release ("Agreement"), and complying with the promises made by Plaintiffs contained in this Agreement, including the release and waiver of claims, Defendants agree to provide Plaintiffs with the total settlement sum of Two Hundred Twenty-Five Thousand Dollars and Zero Cents ($225,000.00), less lawful deductions and tax withholdings, in consideration for and in full satisfaction of all wage-hour claims Plaintiffs may have against Defendants, known or unknown, asserted or unasserted, through the date of their complete execution of the Agreement. Such payment shall be apportioned as follows:

(a) The settlement sum shall be apportioned among Plaintiffs and Plaintiffs' counsel in accordance with the Schedule appended hereto as Exhibit "A."

(b) For tax purposes, 50% of payments to Plaintiffs made in accordance with the Schedule appended hereto as Exhibit "A" shall be treated as back wages and subject to Form W-2 reporting and 50% of such payments shall be treated as federal and state liquidated damages and prejudgment interest and subject to Form 1099 reporting.

(c) The payments set forth in the Schedule attached as Exhibit "A" will be sent to Plaintiffs' counsel of record, The Warshawsky Law Firm, within thirty (30) days of the latter of the following: (i) Defendants' counsel is in receipt from Plaintiffs of two (2) originals of this Agreement executed by all Plaintiffs; and (ii) Defendants' counsel is in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice in the form attached hereto as Exhibit "B" signed and entered by the Court.

2.   **No Consideration Absent Execution of this Agreement.**  Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in paragraph "1" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

3.   **Tax Liability**.  Plaintiffs and/or their counsel shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against them upon such settlement sums set forth in Paragraph 1 above. Plaintiffs further agree to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiffs, but specifically excluding any employer-paid payroll taxes, that may be assessed against them in connection with those sums. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

4.   **Release of Claims.**  Plaintiffs, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants as well as their current and former respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with the Defendants, and each entity's employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") from all claims asserted, or wage and hour claims that could have been asserted, under federal, state and local laws by and on behalf of Plaintiffs in the Litigation. The released claims include all claims under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., the New York Labor Law, and any other federal, state or local wage and hour statute, rule or regulation pertaining to unpaid regular or overtime wages, any related wage and hour claims, any claim relating to failure to issue proper wage statements and/or wage notices, all related derivative

benefit claims (both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees and costs related to such claims through the date this Agreement is executed by all parties.

5. **Acknowledgments and Affirmations.** Plaintiffs affirm that Plaintiffs have not filed or caused to be filed, and are not presently a party to any claim, and are not aware of any potential claims that Plaintiffs may have, against Defendants except for the Litigation, which they agree to the dismissal of with prejudice.

Both parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if an administrative wage and hour claim for unpaid wages and/or overtime is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Procedure.** After this Agreement (including the proposed Collective Action Claims Resolution Procedure attached hereto as Exhibit "C") and the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") attached as Exhibit "B" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement prepared by Plaintiffs' counsel, Plaintiffs will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement, provided, however, that if the Court does not approve the proposed Collective Action Claims Resolution Procedure set forth in Exhibit "C" hereto, the remainder of this Agreement shall remain in full force and effect.

7. **Non-Publication.** Plaintiffs and Plaintiffs' counsel agree that they will not in any manner publicize the terms of this Agreement, which includes notifying any member of the media regarding the terms and conditions of the settlement and posting or disseminating the terms and conditions of the settlement on any social media (including Facebook, Twitter, Instagram, Law 360 or similar media outlets) or Plaintiffs' counsel's website. Such prohibition extends to dissemination of any information, whether oral, electronic or in any document form including but not limited to providing copies of this Agreement, and information regarding the terms of this Agreement. Dissemination of this Agreement and its terms is permissible if needed to file documents with the Court in order to effectuate the Agreement. It is also permitted if required by law, governmental agency, for tax purposes, or pursuant to subpoena or Court Order. In all other circumstances, Plaintiffs and Plaintiffs' counsel may state that the matter has been settled to the satisfaction of a Party, the Parties, or counsel's clients. Nothing in this Paragraph shall prohibit Plaintiffs from discussing the Litigation and this Agreement with their immediate family members, attorneys and tax advisors.

Notwithstanding the aforementioned provision, nothing herein shall restrict Plaintiffs from making truthful representations about their experience litigating their FLSA wage-hour claims, or preclude Plaintiffs from divulging any information to any agency of the federal, state or local government or court pursuant to Court Order and/or subpoena, for which appearance Plaintiffs may receive any fees allowed by law. Plaintiffs agree to notify Defendants within ten (10) business days if they are compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Agreement. Plaintiffs also agree that they will not contest Defendants' standing to move to

quash any such subpoena.

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

11. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

12. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic or pdf copies shall be deemed the same as originals.

**PLAINTIFFS ARE HEREBY ADVISED IN WRITING THAT THEY ARE AFFORDED A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH THEIR ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH THEY AGREE THAT THEY HAVE DONE.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

VICTORIA KAMARA

Dated: 3/9/18, 2018

_____
Victoria Kamara

CECILE BELL

Dated: 03/09, 2018

_____
Cecile Bell

JAMILA KAMARA

Dated: 3/9, 2018

_____
Jamila Kamara

DOROTHY OJIELO

Dated: _____, 2018

_____
Dorothy Ojielo

BARBARA STRAYHORN

Dated: _____, 2018

_____
Barbara Strayhorn

GAIL TORRENCE

Dated: _____, 2018

_____
Gail Torrence

GREATER HARLEM NURSING HOME
AND REHABILITATION CENTER, INC.

Dated: _____, 2018

By: _____
Rodney Alexander
President, Board of Directors

5

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

VICTORIA KAMARA

Dated: _____, 2018

_____
Victoria Kamara

CECILE BELL

Dated: _____, 2018

_____
Cecile Bell

JAMILA KAMARA

Dated: _____, 2018

_____
Jamila Kamara

DOROTHY OJIELO

Dated: 03/12/18, 2018

*D. Ojielo*
Dorothy Ojielo

BARBARA STRAYHORN

Dated: _____, 2018

_____
Barbara Strayhorn

GAIL TORRENCE

Dated: _____, 2018

_____
Gail Torrence

GREATER HARLEM NURSING HOME
AND REHABILITATION CENTER, INC.

Dated: _____, 2018

By: _____
Rodney Alexander
President, Board of Directors

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

VICTORIA KAMARA

Dated: _____, 2018                    _____
                                                                       Victoria Kamara

CECILE BELL

Dated: _____, 2018                    _____
                                                                       Cecile Bell

JAMILA KAMARA

Dated: _____, 2018                    _____
                                                                       Jamila Kamara

DOROTHY OJIELO

Dated: _____, 2018                    _____
                                                                       Dorothy Ojielo

BARBARA STRAYHORN

Dated: 3/12/2018                             *[signature]*
                                                                       Barbara Strayhorn

GAIL TORRENCE

Dated: _____, 2018                    _____
                                                                       Gail Torrence

GREATER HARLEM NURSING HOME
AND REHABILITATION CENTER, INC.

Dated: _____, 2018                    By: _____
                                                                       Rodney Alexander
                                                                       President, Board of Directors

5

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

VICTORIA KAMARA

Dated: _____, 2018

_____
Victoria Kamara

CECILE BELL

Dated: _____, 2018

_____
Cecile Bell

JAMILA KAMARA

Dated: _____, 2018

_____
Jamila Kamara

DOROTHY OJIELO

Dated: _____, 2018

_____
Dorothy Ojielo

BARBARA STRAYHORN

Dated: _____, 2018

_____
Barbara Strayhorn

GAIL TORRENCE

Dated: 3/14, 2018

*/s/ Gail Torrence*
_____
Gail Torrence

GREATER HARLEM NURSING HOME
AND REHABILITATION CENTER, INC.

Dated: _____, 2018

By: _____
Rodney Alexander
President, Board of Directors

5

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

VICTORIA KAMARA

Dated: _____, 2018

_____
Victoria Kamara

CECILE BELL

Dated: _____, 2018

_____
Cecile Bell

JAMILA KAMARA

Dated: _____, 2018

_____
Jamila Kamara

DOROTHY OJIELO

Dated: _____, 2018

_____
Dorothy Ojielo

BARBARA STRAYHORN

Dated: _____, 2018

_____
Barbara Strayhorn

GAIL TORRENCE

Dated: _____, 2018

_____
Gail Torrence

GREATER HARLEM NURSING HOME AND REHABILITATION CENTER, INC.

Dated: 3-9-, 2018

By: _____
Rodney Alexander
President, Board of Directors

5

|  |  |
|---|---|
| Dated: 3-12, 2018 | HARLEM CENTER FOR NURSING AND REHABILITATION, LLC<br><br>By: _____ |
| Dated: 3-12, 2018 | THE ALLURE GROUP, INC.<br><br>By: _____ |

6

# EXHIBIT "A"

**Victoria Kamara et al. v. Greater Harlem Nursing Home and Rehabilitation Center, Inc. et al. Case No. 16-CV-3400 (JPO)**

| Payment Recipient | Total Sum Due | W-2 | 1099 |
|---|---|---|---|
| Victoria Kamara | $31,546.00 | $15,773.00 | $15,773.00 |
| Cecile Bell | $20,416.00 | $10,208.00 | $10,208.00 |
| Jamila Kamara | $21,916.00 | $10,958.00 | $10,958.00 |
| Dorothy Ojielo | $28,326.00 | $14,163.00 | $14,163.00 |
| Barbara Strayhorn | $24,210.00 | $12,105.00 | $12,105.00 |
| Gail Torrence | $21,416.00 | $10,708.00 | $10,708.00 |
| The Warshawsky Law Firm | $77,170.00 | | $77,170.00 |